### THE ETONA.

### DOHERR v. THE ETONA.

(Circuit Court of Appeals, Second Circuit. January 8, 1896.)

### No. 50.

1. ADMIRALTY—NEGLIGENCE.
   The findings and conclusions in The Etona, 64 Fed. 880, in regard to negligence of the ship, approved.

2. SAME—LIABILITY FOR ACTS OF PILOT.
   When the cargo of a vessel is damaged in consequence of the negligence of a pilot in a foreign port, the bill of lading providing that claims for damage shall be settled by the law of England, without resort to the courts of any other country, the owner of such cargo cannot recover, here, in any event; for, if the ship could ordinarily be held liable for

·such negligence, either the stipulation in the bill of lading is valid, and prevents recovery, or it is invalid, and, the law of the United States governing, the third section of the Harter act protects the ship.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from a decree of the district court, Southern district of New York (64 Fed. 880), dismissing a libel for damages to a cargo of hides shipped at Buenos Ayres in the lower hold, No. 2 hatch, above which was stowed, in the 'tween decks, a quantity of Pernambuco sugar.

Harrington Putnam, for appellant.

J. Parker Kirlin, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. We concur with the district judge in the finding that there was no negligence in the stowage of the hides or of the sugar; that the efficient cause of the damage was the stranding on going adrift, which was wholly unexpected, and could not have been anticipated, and was a sea peril, within the exception of the bill of lading. We further concur in the finding that the going adrift was not by reason of any negligence of the ship, but because the local pilot assigned her a position somewhat outside of the ordinary anchorage ground, and where the bottom was bad for holding. The conclusions of the district judge upon these findings are correct. Either the negligence of the local pilot is negligence for which the ship is not ordinarily responsible, or, if the ship could ordinarily be held for the consequences of such pilot's negligence, then either the stipulation in the bill of lading adopting the law of England is valid, and prevents recovery, or it is invalid, and our own law, in the absence of any reference to the law of Brazil, remains as the only law of the case; in which event the third section of the Harter act protects the ship against libelant's claim, since there has been no negligence, fault, or failure in loading or stowage.

The decree of the district court is affirmed, with costs.